IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**SUPER PRODUCTS, LLC,**

    **Plaintiff,**

v.

**HYDRO-EXC. INC.,**

    **Defendant.**                                              **Case No. 12-cv-272-DRH**

**ORDER**

**HERNDON, Chief Judge:**

In this Order the Court *sua sponte* raises the issue of whether it has subject matter jurisdiction over this case. See *Wis. Knife Works v. Nat'l Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."); *McCready v. White,* 417 F.3d 700, 702 (7th Cir. 2005)("Ensuring the existence of subject matter jurisdiction is the court's first duty in every lawsuit."). This case was removed here from state court by defendant Hydo-Exc., Inc. (Doc. 3) on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Upon a threshold review, the Court observes what may be a potential jurisdictional problem. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1868); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). In fact,

federal courts are "obliged to police the constitutional and statutory limitations on their jurisdiction" and should raise and consider jurisdictional issues regardless of whether the matter is ever addressed by the parties to the suit. See *Kreuger v. Cartwright*, 996 F.2d 928, 930-31 (7th Cir. 1993); *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986). Moreover, the party invoking federal jurisdiction bears the burden of demonstrating that the jurisdictional requirements have been met. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).

The statute regarding diversity jurisdiction, 28 U.S.C. § 1332, requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted). Under 28 U.S.C. § 1332(c), for the purpose of federal diversity jurisdiction, a corporation is deemed a citizen of both the state in which it is incorporated and the state where its principal place of business is located. *Casio, Inc. v. S.M. & R. Co.*, 755 F.2d 528, 529 (7th Cir.1985). "The citizenship for diversity purposes of a limited liability company, however, despite the resemblance of such a company to a corporation (the hallmark of both being limited liability), is the citizenship of each of its members." *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006)(collecting cases); see also *Commonwealth Ins. Co. v. Titan Tire*

*Corp.*, 398 F.3d 879, 881 n.1 (7th Cir. 2004) (citing *Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003)). As such, unincorporated business entities, such as limited partnerships ("LP") or limited liability companies ("LLC") "are [more appropriately] analogized to partnerships . . . ." *Belleville Catering Co.*, 350 F.3d at 692 (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 110 S. Ct. 1015 (1990)). Thus, the Seventh Circuit deems an LLC a citizen "of every state of which any member is a citizen." *Id*. (citing *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir.1998)). "Consequently, an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well." *Thomas v. Guardsmark*, LLC, 487 F.3d 531, 534 (7th Cir. 2007).

In this suit, it appears that plaintiff is alleged to be an LLC. Yet, in his complaint (initially filed in the Circuit Court of Madison County, Illinois) plaintiff alleged that plaintiff was a Delaware corporation with its principle place of business in Wisconsin. Thereafter, in the notice of removal based upon diversity jurisdiction, defendant alleges that "[u]pon information and belief, [p]laintiff is a Delaware corporation in good standing with its principal place of business in Wisconsin and none of its members is a citizen of the State of Indiana." A court of limited jurisdiction, nor any court for that matter, does not accept speculation in order to establish its jurisdiction. Defendants failed to properly plead the citizenship of all the members comprising the existing LLC. Instead, they merely state none of

plaintiff's members is a citizen of the State of Indiana based on information and belief, which it chooses to refrain from sharing with the Court. This is not enough: "[A]n LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well." *Thomas*, 487 F.3d at 534. Defendant's failure to properly plead the citizenship of the LLC places into question whether the citizenship between the parties is completely diverse. Until this has been properly plead, the Court must approach this case as if jurisdiction does not exist. Consequently, the Court does not have the authority to "consider the merits of a case over which it is without jurisdiction." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379 (1981).

While the Court does not affirmatively find that diversity jurisdiction between the parties does *not* exist, because it remains uncertain, it has not properly been established. As a result, defendant is hereby ordered to submit a jurisdictional brief addressing the issue of the citizenship of plaintiff. This brief shall be filed by April 20, 2012. Further, should defendant fail to timely file its jurisdictional brief or fail to seek an extension of time, the Court will then instruct the Clerk to remand the case for lack of subject matter jurisdiction.

**IT IS SO ORDERED**.

Signed this 4th day of April, 2012.

David R. Herndon
2012.04.04
09:46:44 -05'00'

**Chief Judge**
**United States District Court**